ZAINEY, J.
AUGUST 25, 2005

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


NICHOLAS ESTIVERNE                                CIVIL ACTION

VERSUS                                            NO. 05-2227

THE TIMES PICAYUNE, LLC., ET AL.                  SECTION "A"(4)
```

### ORDER AND REASONS

Before the Court is a **Motion to Dismiss Plaintiff's Complaint (Rec. Doc. 6)** filed by defendant Charles Plattsmier. Plaintiff, Nicolas Estiverne, *pro se*, opposes the motion. The motion, set for hearing on August 10, 2005, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is GRANTED.

### I.   BACKGROUND

The following allegations are taken directly from the complaint and Plaintiff's opposition memorandum. Plaintiff, Nicolas Estiverne ("Plaintiff" or "Estiverne"), is a former attorney who had been licensed to practice law in Louisiana.

Defendant and mover herein Charles Plattsmier ("Plattsmier") is Chief Disciplinary Counsel for the Attorney Disciplinary Board. Several years ago Plattsmier filed a series of charges against Estiverne.  On or about September 2000, Estiverne voluntarily surrendered his law license before the Board conducted any hearings on the charges.  Estiverne alleges that one of the conditions of his voluntary resignation was that all of the charges would remain under seal.  (Comp. ¶ XXI).  Estiverne claims that he resigned from the bar under duress from Plattsmier after Estiverne filed suit against Plattsmier for allegedly stating that "This is still a White Man's World."  (Id. ¶ XX).

In this lawsuit Estiverne alleges that on May 31, 2005, the Times-Picayune published a defamatory article on the front page of its newspaper containing Estiverne's likeness.  (Comp. ¶ VI). Estiverne alleges that Plattsmier gave Keith O'Brien of the Times-Picayune "all of his private files on Plaintiff and his wife, and that [Plattsmier] had nothing good to say about the Plaintiff."  (Pla. Comp. ¶¶ VII, XVII).  Estiverne also alleges that Plattsmier told O'Brien that Estiverne had a gambling problem and had used his clients' money to gamble.  (Id. ¶¶ XI, XVII).

Estiverne claims that Plattsmier violated his privacy and the rules of his own office when he released the sealed records to O'Brien.  (Id. ¶ XVIII).  Estiverne also claims that

2

Plattsmier, O'Brien, and co-defendant Susan Finch conspired to violate his Fourteenth Amendment rights, (id. ¶ XXVI), and that Plattsmier violated "the Privacy Act," (id. ¶ XXIV).  Estiverne claims that Plattsmier is liable to him for "severe mental distress, violation of Privacy, public humiliation, violation of Civil and Constitutional rights . . . ."  (Id. ¶ XXIX).  Plattsmier has been sued in individual and official capacities and Estiverne seeks to recover $2,000,000.00 from this defendant.  (Id. ¶ XXX).

Plattsmier now moves to dismiss Estiverne's complaint pursuant to Rules 12(b)(1) and 12(b)(6).

## II.   THE PARTIES' CONTENTIONS

Plattsmier argues that the Disciplinary Board is an arm of the state.  Therefore, according to Plattsmier, all of Estiverne's state law claims against him in his *official* capacity are barred by the Eleventh Amendment.  Plattsmier likewise argues that the federal claims brought against him in his *official* capacity are barred by Will v. Michigan Department of State Police, 491 U.S. 58 (1989), which held that states are not "persons" for purposes of § 1983 claims.

As for the individual capacity claims, Plattsmier argues that under Zaffuto v. City of Hammond, 308 F.3d 485 (5th Cir. 2002), Estiverne's complaint fails to state a claim for the deprivation of any federally protected right.  To the extent that

3

Estiverne has pled a federal claim, Plattsmier argues that he is entitled to qualified immunity or at the very least a reply pursuant to Shultea v. Wood, 47 F.3d 1427 (5th Cir. 1995). Plattsmier argues that without a federal claim in this lawsuit, this Court is without subject matter jurisdiction to adjudicate any of the state law claims against him.

In opposition, Estiverne expounds upon the factual basis for this lawsuit and denies that Plattsmier is entitled to qualified immunity. Estiverne asserts that he is entitled to the protections of the "Federal Privacy Act." (Oppo. at 5).

### III. DISCUSSION

#### 1. *Rule 12(b)(6) Standards*

The court accepts a plaintiff's factual allegations as true when considering motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Spivey v. Robertson, 197 F.3d 772, 774 (5th Cir. 1999) (citing Buckley v. Fitzsimmons, 509 U.S. 259, 261 (1993); Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir 1995)). Unless such allegations show that the plaintiff has failed to state a claim upon which relief can be granted, the court will not grant a motion to dismiss under 12(b)(6). Id. The court will not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts, id. (citing St. Paul Ins. Co. v. AFIA Worldwide Ins. Co., 937 F.2d 274, 279 (5th Cir. 1991), and will construe all factual

allegations in the light most favorable to the plaintiff, id. (citing Rubinstein v. Collins, 20 F.3d 160, 166 (5th Cir. 1994)).

Although Estiverne is a former attorney he is proceeding *pro se* so the Court will liberally construe his complaint and memorandum. Nerren v. Livingston Police Dep't, 86 F.3d 469, 472 (5th Cir. 1996) (citing S.E.C. v. AMX, Intern., Inc., 7 F.3d 71 (5th Cir. 1993); Johnson v. Atkins, 999 F.2d 99 (5th Cir. 1993)).

### 2.   *Official Capacity Claims*

Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." Turner v. Houma Mun. Fire & Police Civil Serv. Bd., 229 F.3d 478, 483 (5th Cir. 2000) (quoting Ky. v. Graham, 473 U.S. 159 (1985)). Therefore, an official capacity suit is, in all respects other than name, to be treated as a suit against the entity. Id. (quoting Graham, 473 U.S. at 166). An official capacity suit is not a suit against the official personally, so the real party in interest is the entity he serves. Id. Thus, while an award of damages against an official in his *personal* capacity can be executed only against the official's personal assets, a plaintiff seeking to recover damages against a defendant in his official capacity suit must look to the government entity itself. Id. Because the defendant is not personally liable for any judgment, personal defenses such as qualified immunity are not available to the official who must

instead rely only upon those defenses allowed to the entity he serves.  <u>Graham</u>, 473 U.S. at 167 (citing <u>Owen v. City of Independence</u>, 445 U.S. 622 (1980)).

As for state law claims, the Eleventh Amendment bars state law claims against the state in federal court.  <u>Hays County Guardian v. Supple</u>, 969 F.2d 111, 125 (1992).  Federal courts therefore lack jurisdiction to hear state law claims against state defendants in their official capacities.  <u>Id.</u>

Based on the foregoing, all of the claims against Plattsmier in his official capacity must be dismissed.  Plattsmier is Chief Disciplinary Counsel for the Louisiana Disciplinary Board.  The Board was created under Rule 19 of the Supreme Court Rules by the Louisiana Supreme Court.  La. Sup. Ct. R. 19, § 2.  The Board is an agency of the Supreme Court.  <u>Id.</u> § 2(A).  The Louisiana Supreme Court is an arm of the state as are the agencies it creates under its rule-making power.  <u>Lewis v. La. State Bar Ass'n</u>, 792 F.2d 493, 497 (5th Cir. 1986) (holding that the Louisiana State Bar Association is an arm of the state).  Therefore, any claims against Plattsmier in his official capacity are in reality claims against the state of Louisiana.  The Eleventh Amendment deprives this Court of jurisdiction to hear any claims brought under state law against the state of Louisiana.  The state law claims brought against Plattsmier in his official capacity are therefore subject to dismissal under

6

Rule 12(b)(1) for lack of subject matter jurisdiction.

Further, state officials sued in their official capacities are not "persons" under 42 U.S.C. § 1983, the federal civil rights statute.[1]  Will v. Mich. Dep't of State Police, 491 U.S. 48 (1989).  Thus, Estiverne fails to state a claim against Plattsmier in his *official* capacity for any violations of the United States Constitution and those claims are subject to dismissal under Rule 12(b)(6) for failure to state a claim.

In sum all of the claims against Plattsmier in his official capacity, whether based upon state or federal law, are subject to dismissal.

### 3. *Individual Capacity Claims*

Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims.  Stockman v. Federal Election Comm'n, 138 F.3d 144, 151 (5th Cir. 1998) (citing Veldhoen v. United States Coast Guard, 35 F.3d 222, 225 (5th Cir. 1994)).  District courts have

---

[1]
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C.A. § 1983 (West 2003).

7

original jurisdiction over all civil actions arising under the Constitution, law, or treaties of the United States, 28 U.S.C.A. § 1331 (West 1993) (federal question), and all civil actions where the matter in controversy exceeds $75,000.00 and is between citizens of different states, 28 U.S.C.A. § 1332(a)(1) (West 1993 & Supp. 2005) (diversity).  Additionally, subject to exceptions not pertinent here, in any civil action of which the district courts have original jurisdiction, the district courts also have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy. 28 U.S.C.A. § 1367(a) (West 1993).

It is apparent from the face of Estiverne's complaint that this Court does not have original diversity jurisdiction over the claims against Plattsmier because he and Estiverne are both citizens of Louisiana.  (Comp. ¶ 5).  Thus, the Court's ability to exercise subject matter jurisdiction over this matter turns on whether the Court has original federal question jurisdiction over at least one of Estiverne's claims.  If Estiverne has stated a federal claim then the Court can exercise supplemental jurisdiction over the state law claims that do not fall within the Court's original jurisdiction.  Moreover, the Eleventh Amendment does not shield state officials from state law claims

in their individual capacities so there would no jurisdictional bar.  <u>Hays County Guardian</u>, 969 F.3d at 125 (citing <u>Scheuer v. Rhodes</u>, 416 U.S. 232 (1974); <u>Spruytte v. Walters</u>, 753 F.2d 498 (6th Cir. 1985)).  The question then is whether Estiverne has pled a federal claim.

Estiverne alleges that Plattsmier violated the federal Privacy Act, 5 U.S.C. § 552a, and his Fourteenth Amendment rights.  The Privacy Act claim is easily disposed of because the Privacy Act only applies to agencies of the federal government.  <u>Schmitt v. City of Detroit</u>, 395 F.3d 327, 329 (6th Cir. 2005); <u>Shaboon v. Duncan</u>, No. SA94CA697, 1998 WL 1782542, at *5 (W.D. Tex. Oct. 21, 1998)).  Plattsmier does not work for a federal agency.  Therefore, Estiverne does not state a claim under the Privacy Act and he cannot use this statute as a basis for federal jurisdiction.

Estiverne also claims that Plattsmier violated his Fourteenth Amendment rights.  Claims for violations of constitutionally protected rights are brought pursuant to 42 U.S.C. § 1983, <u>supra</u>, note 1.  To state a claim under § 1983, plaintiffs must allege two elements:  first, that they were deprived of a right or interest secured by the Constitution and laws of the United States, and second, that the deprivation occurred under color of state law.  <u>Doe v. Rains County Indep. School Dist.</u>, 66 F.3d 1402, 1406 (5th Cir. 1995) (citing <u>West v.

Atkins, 487 U.S. 42, 48 (1988)).  A showing of state action is sufficient to establish action under color of state law, id. (citing Lugar v. Edmondson Oil Co., 457 U.S. 922, 935 & n.18 (1982)), and "it is clear that in a § 1983 action brought against a state official, the statutory requirement of action 'under color of state law' and the 'state action' requirement of the Fourteenth Amendment are identical," id. (citing Lugar, 457 U.S. at 929).

Considering the § 1983 pleading requirements in reverse order, there is no doubt that if any deprivation did occur that it was carried out under color of state law.  Plattsmier is a state official so his actions would constitute state action for purposes of § 1983.  It is far less clear, however, that Plattsmier's actions, if true, deprived Estiverne of a right secured by the Constitution.

First of all, mere defamation by a state actor when unaccompanied by an injury to some liberty or property interest is not actionable under the Fourteenth Amendment.  Paul v. Davis, 424 U.S. 693, 712 (1976).  Unless accompanied by an alteration in legal status or extinction of an otherwise legally protected right, reputational injury inflicted by the state is not actionable under § 1983.  Seneca v. New Hope Borough, No. 01-2307, 2002 WL 321663, at *5 (E.D. Penn. Feb. 27, 2002) (citing Siegert v. Gilley, 500 U.S. 226 (1991); Paul, 424 U.S. at 712;

10

Clark v. Township of Falls, 890 F.2d 6111 (3d Cir. 1989); DeFeo v. Sill, 810 F. Supp. 648, 656 (E.D. Pa. 1993); Balliet v. Whitmire, 626 F. Supp. 219,224-25 (M.D. Pa.), aff'd, 800 F.2d 1130 (3d Cir. 1986)).  Given that damage to his reputation is the only injury that Estiverne can claim as a result of the alleged defamation, he does not state a claim under the Fourteenth Amendment for defamation.

Estiverne also claims that Plattsmier violated his Fourteenth Amendment right to privacy when he allegedly released the sealed disciplinary file to the press.  The right to privacy consists of two interrelated strands: 1) "the individual interest in avoiding disclosure of personal matters," and 2) "the interest in independence in making certain kinds of important decisions." Fadjo v. Coon, 633 F.2d 1172, 1175 (5th Cir. 1981) (citing Whalen v. Roe, 429 U.S. 589, 599-600 (1977)).  The first strand is commonly called "the confidentiality branch" of substantive due process, while the second strand is referred to as "the autonomy branch."  Zaffuto, 308 F.3d at 489 & n.4 (citing Whalen, 429 U.S. at 599-600).  The "important decisions" covered by the autonomy branch are those pertaining to marriage, procreation, and education.  Id.  The confidentiality branch is not quite as narrow because matters falling outside the topics of marriage, procreation, and education may implicate the individual's interest in nondisclosure or confidentiality.  Fadjo, 633 F.2d at

11

1175 (citing <u>DuPlantier v. Unites States</u>, 606 F.2d 654 (5th Cir. 1979); <u>Plante v. Gonzalez</u>, 575 F.2d 1119, 1132 (5th Cir. 1978)).

Nevertheless, the confidentiality branch of due process is by no means broad in application.  The information disseminated must pertain to  "personal" matters involving "intimate details" of the plaintiff's life.  <u>Cinel v. Connick</u>, 15 F.3d 1338, 1342 (5th Cir. 1994).  Such personal matters might include allegations of homosexuality, child molestation, illegitimacy, sexual promiscuity, and extreme religious views.  <u>American Civil Liberties Union v. State of Mississippi</u>, 911 F.2d 1066, 1070 (5th Cir. 1990).  In <u>Zaffuto</u>, the Fifth Circuit expressly recognized the lack of authority in this circuit for the types of disclosures that are personal enough to trigger the protection of the confidentiality branch.  308 F.3d at 490 (quoting <u>Scheetz v. Morning Call, Inc.</u>, 946 F.2d 202, 206 (3d Cir. 1991) ("[T]he contours of the confidentiality branch are murky.")).  It is clear, however, that the information divulged must be highly personal and deal with the "most intimate aspects of human affairs" in order to constitute a constitutional violation.  <u>Troyer v. Boomtown, LLC</u>, No. 04-1084, 2004 WL 2984364, at *6 (E.D. La. Dec. 22, 2004) (Duval, J.) (quoting <u>Zaffuto</u>, 350 F.3d at 490-91).  For instance, information pertaining to shoplifting accusations, <u>Paul</u>, 424 U.S. at 712, rap sheets, <u>Tosh v. Buddies Supermarket, Inc.</u>, 482 F.2d 329 (5th Cir. 1973), arrest records,

12

Cline v. Rogers, 87 F.3d 176 (6th Cir. 1996), and guilty pleas, Eagle v. Morgan, 88 F.3d 620 (8th Cir. 1996), are not personal matters protected by the Fourteenth Amendment.[2]

Estiverne alleges that Plattsmier gave O'Brien "all of his private files on Plaintiff and his wife," (Comp. ¶ VII), but there is nothing in the complaint that even remotely suggests that the files contained any of the type of highly personal information that could potentially trigger a constitutional violation. In fact, the more specific allegations in the complaint indicate that Estiverne believes that the files contained information regarding improprieties relating to client funds and his former law practice, e.g., the Angie Neil and Mary Ball matters. (Comp. ¶ XI & XIV). Estiverne understandably considers allegations of legal malpractice to be embarrassing, humiliating, or even injurious to his reputation but they are insignificant from a constitutional perspective.

Estiverne repeatedly points out that when he voluntarily surrendered his law license in September 2000, one of the conditions of his voluntary resignation was that all of the charges would remain under seal. Estiverne claims that Plattsmier breached their agreement when he allegedly released

---

[2] Many of the cited authorities are explained in detail by Judge Duval in Troyer v. Boomtown, supra, an excellent opinion in which he gathered authorities on the confidentiality branch from across the circuits.

13

Estiverne's files to the press.  However, if the files did not contain the requisite personal information then Plattsmier's alleged breach of the confidentiality agreement does not impinge a federal right.  See Cinel, 15 F.3d at 1342; cf. Fadjo, 633 F.2d at 1175).

In sum, Estiverne does not state a violation of any right guaranteed by federal law.  Consequently, this Court cannot exercise original federal question jurisdiction over this matter.  All of Estiverne's claims must be brought under state law but because there is no diversity of citizenship this Court is without subject matter jurisdiction to adjudicate those claims.  Plattsmier's motion to dismiss is therefore GRANTED.

The implications of the Court's ruling today are broader, however, than the claims against Plattsmier.  The other defendants have not yet challenged the Court's jurisdiction but federal courts are duty-bound to examine the basis for subject matter jurisdiction *sua sponte*.  Union Planters Bank Nat'l Ass'n v. Salih, 369 F.3d 457, 460 (5th Cir. 2004) (citing Steel Co. v. Citizens for a Better Env., 523 U.S. 83 (1998); Weekly v. Morrow, 204 F.3d 613, 615 & n.6 (5th Cir. 2000)).  The Court has concluded that Estiverne's claims are not actionable under federal law which means that this Court cannot retain jurisdiction over this case unless diversity jurisdiction applies.  Clearly, diversity jurisdiction does not apply because

14

according to the complaint all of the parties to this suit are citizens of the state of Louisiana.  Consequently, Estiverne's complaint must be dismissed for lack of subject matter jurisdiction.

Accordingly;

**IT IS ORDERED** that the  **Motion to Dismiss Plaintiff's Complaint (Rec. Doc. 6)** filed by defendant Charles Plattsmier should be and is hereby **GRANTED**.  Plaintiff's complaint is **DISMISSED** as to all parties.

* * * * * * * *

*[signature: Jay C. Zainey]*