ZAINEY, J.
JANUARY 31, 2006

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

NICHOLAS ESTIVERNE                                CIVIL ACTION

VERSUS                                            NO. 05-2227

THE TIMES PICAYUNE, LLC., ET AL.                  SECTION "A"(4)

### ORDER AND REASONS

Before the Court is a **Motion for Leave to File Notice of Appeal (Rec. Doc. 15)** filed by plaintiff Nicolas Estiverne, *pro se*. Defendant Times-Picayune L.L.C. opposes the motion.[1] The motion, set for hearing on January 25, 2006, is before the Court on the briefs without oral argument.

On August 25, 2005, the Court entered its Order and Reasons (Rec. Doc. 13) granting a motion to dismiss filed by defendant Charles Plattsmier. On August 29, 2005, Hurricane Katrina struck the gulf coast. On September 1, 2005, the Chief Judge issued an

---

[1] Defendant Charles Plattsmier has notified the Court via correspondence copied to Plaintiff that he too opposes the motion.

order stating that "all deadlines and delays . . . in cases pending or to be filed in this Court, are hereby suspended until ordered otherwise."  On October 12, 2005, the Court entered a judgment dismissing Estiverne's case, (Rec. Doc. 14) at which time the judgment was mailed to Estiverne's New Orleans, Louisiana address.  On November 3, 2005, the Chief Judge entered an order stating that "the suspension of deadlines and delays . . . ***is terminated effective November 25, 2005***, except for good cause shown as determined by the presiding judge."

Via the instant motion Estiverne now seeks leave to file a notice of appeal.  Federal Rule of Appellate Procedure 4(a) requires that a notice of appeal be filed within ***30 days*** after the entry of judgment.  Fed. R. App. P. 4(a)(1)(A).  Estiverne states that he was an evacuee in Houston, Texas when the judgment was entered on October 12, 2005, and that he received the judgment sometime in November 2005.  Estiverne explains that he waited to receive the Order and Reasons before taking steps to appeal, and that the Order and Reasons did not reach him until December 27, 2005.  Estiverne points out that he has been forced to relocate numerous times as a result of Katrina.

The date of entry of judgment is the lynchpin for triggering the 30 day period for timely filing a notice of appeal.  The judgment in this case was entered on October 12, 2005, but the 30

day period was held in abeyance until November 25, 2005, when the Chief Judge terminated the suspension order.  Thus, the *initial* 30 day period provided by Rule 4(a)(1)(A) began to run on November 26, 2005, and expired on December 27, 2005.[2]

The Rules of Appellate Procedure provide two potential "lifelines for rescuing" an appeal through a late-filed notice of appeal.  Wilkens v. Johnson, 238 F.3d 328, 330 (5th Cir. 2001).  One is the extension lifeline specified in Rule 4(a)(5) and the other is the reopening lifeline specified in Rule 4(a)(6).  Id. Rule 4(a)(5), entitled Motion for Extension of Time provides:

> (A) The district court may extend the time to file a notice of appeal if:
>
> > (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
> >
> > (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.
>
> . . . .
> (C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 10 days after the date when the order granting the motion is entered, whichever is later.

Fed. R. App. P. 4(a)(5)(A), (C).  Because the initial 30 day period expired on December 27, 2005, and Estiverne filed the instant

---

[2] Given that the suspension of deadlines terminated effective November 25, 2005, the Court considers that the "effective" date for entry of the judgment.  Thus, November 26, 2005, began the 30 day period and it ended on December 27, 2005, following the Christmas holiday.  Fed. R. Civ. P. 6(a).

motion for leave on January 5, 2006, well within 30 days *after* the initial 30 day period, the motion for leave is timely under subpart (i), supra, for purposes of obtaining an extension of time.  The only additional requirement under subpart (ii), supra, is that Estiverne must show excusable neglect or good cause.  Given the far reaching problems caused by Hurricane Katrina and the displacement of so many citizens in its aftermath, including Estiverne, the Court finds that the good cause requirement is satisfied.  Thus, Estiverne's motion for leave is GRANTED.

Defendants have argued that Estiverne's motion is untimely under subpart (i), supra, because Estiverne did not file his motion by December 11, 2005, which Defendants calculate to be 30 days past the initial 30 day period prescribed by Rule 4(a)(1)(A).  However, Estiverne's deadline can only fall on December 11, 2005, if the October 12, 2005, date for entry of judgment began the running of the initial 30 day period.  Such a scenario completely ignores the Chief Judge's directive suspending all deadlines during the time period when the judgment was entered.

Defendants have questioned whether the suspension of deadlines was effective as to Estiverne's deadline for filing a notice of appeal.  However, the suspension mandate was effective as to **all** deadlines and delays in this Court.  Although the time periods for filing a notice of appeal are dictated by the Federal Rules of Appellate Procedure, the filing of a notice of appeal takes place

4

at the district court level.  The Court has no doubt that Estiverne is entitled to the benefits provided by the Chief Judge's suspension order.

Although the Court grants Esitverne's motion, Rule 4(a)(5)(C) limits the extension that the Court can grant to 10 days from entry of this order.  See Fed. R. App. P. 4(a)(5)(C), supra.

Accordingly;

**IT IS ORDERED** that the **Motion for Leave to File Notice of Appeal (Rec. Doc. 15)** filed by plaintiff Nicolas Estiverne should be and is hereby **GRANTED**.  Plaintiff is granted an extension of **ten (10) days from entry of this order** to file his notice of appeal.

* * * * * * * *